UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CHATTEM, INC. and SIGNAL )
INVESTMENT & MANAGEMENT CO., )
)
    *Plaintiffs*, )
v. ) No. 1:05-cv-184
) *Edgar / Carter*
UNITED EXCHANGE CORPORATION; )
CAROL CHOI; and EUGENE CHOI, )
)
    *Defendants*. )

## **MEMORANDUM AND ORDER**

Plaintiffs Chattem, Inc. and Signal Investment & Management Company (collectively "Chattem") make a motion for expedited scheduling conference, expedited discovery and briefing schedule, and expedited preliminary injunction hearing. [Court Doc. No. 2]. The Court **RESERVES** ruling on the motion to expedite until such time as Chattem effects service of process upon the defendants and Chattem files a proper motion or application for preliminary injunction pursuant to FED. R. CIV. P. 65.

Chattem's complaint demands injunctive relief, but this is insufficient by itself to obtain a preliminary injunction. The procedure for requesting a preliminary injunction is by motion or application. *James Luterbach Const. Co. v. Adamkus*, 781 F.2d 599, 601 n.1 (7th Cir. 1986); 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2949 (1995). It is standard practice in this Court that a plaintiff seeking a preliminary injunction must file a motion under Rule 65 separate from the

-1-

complaint. If Chattem wants this Court to consider whether it should order a preliminary injunction and conduct a preliminary injunction hearing, Chattem is required to file a motion and comply with FED. R. CIV. P. 65. The Court cannot construe and treat Chattem's motion to expedite as a Rule 65 motion for preliminary injunction.

        SO ORDERED.

        ENTER this *22nd day of July, 2005*.

                                  */s/ R. Allan Edgar*
                                  R. ALLAN EDGAR
                  CHIEF UNITED STATES DISTRICT JUDGE